UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HOFFMANN BROTHERS HEATING AND AIR CONDITIONING, INC. d/b/a HOFFMANN BROTHERS, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 4:25-cv-01356-SRC |
| NATIONAL LABOR RELATIONS BOARD et al., | ) ) ) ) |
| Defendants. | ) ) |

## **Memorandum and Order**

In late May 2025, the National Labor Relations Board filed a complaint against Hoffmann Brothers alleging unfair labor practices under the National Labor Relations Act. Doc. 2-1 at 3 (The Court cites to page numbers as assigned by CM/ECF.). That complaint gave Hoffmann Brothers notice that an administrative law judge (or ALJ) would conduct a hearing on September 23, 2025. *Id.* at 4.

Three months later, and just thirteen days before the Board's hearing, Hoffmann Brothers filed a complaint and a motion for a temporary restraining order seeking to enjoin the hearing. Doc. 1 at 14; doc. 3. at 1. Hoffmann Brothers alleges that the removal restrictions of Board ALJs are unconstitutional. Doc. 3 at 1.

But the Norris-LaGuardia Act precludes this Court from issuing a temporary restraining order. And even if it didn't, Hoffmann Brothers doesn't meet its burden for a temporary restraining order. The Court therefore denies Hoffmann Brothers' motion. Doc. 3.

I.  **Background**

Hoffmann Brothers provides a "full-service commercial and residential air conditioning, heating, plumbing, and electrical contract work" in St. Louis, Missouri and in Nashville, Tennessee. Doc. 1 at ¶ 29. Local 36—on behalf of a former employee—filed a charge against Hoffmann Brothers with the Board. *Id.* at ¶ 36. Almost a year later, the Board issued an administrative complaint against Hoffmann Brothers. *Id.* at ¶ 40. The Board alleges that a section of Hoffmann Brothers' employee-non-compete agreement violates 29 U.S.C. § 158(a)(1). *Id.* at ¶¶ 37, 41. Hoffmann Brothers answered the administrative complaint. *Id.* at ¶¶ 42–43. Yet the Board still looks to hold a hearing on September 23, 2025. *Id.* at ¶ 45.

So on September 10, Hoffmann Brothers filed a complaint, doc. 1, and a motion for a temporary restraining order, doc. 3, in this Court. It also requested a hearing on two days' notice. Doc. 4. Instead of having a hearing, the Court held a conference call with counsel on September 12. Doc. 20. The Court discussed Hoffmann Brothers' motion for a temporary restraining order and addressed various issues and arguments. *Id.*

During the conference call, the Court questioned Hoffmann Brothers' timing in seeking relief in this Court only thirteen days before the Board's hearing. Hoffmann Brothers responded that until late August it hoped to get a stipulated record for the Board's hearing. Then on August 19, the Fifth Circuit Court of Appeals released a decision that offered a legal theory for seeking a temporary restraining order. So Hoffmann Brothers changed tack and filed its complaint and motion in this Court. Local 36 and the Board responded that these types of constitutional challenges have been percolating in federal courts for a while, and Hoffmann Brothers had three months' notice of the hearing. Instead, they argued, this was a last-ditch effort to delay the Board's hearing.

2

The Court also questioned Hoffmann Brothers' request for a hearing on its motion. Hoffmann Brothers conceded that only its client planned to testify to the harm of being summoned before an unconstitutionally insulated ALJ. And the Board stipulated to that fact. Based on its review of the entire record, the Court concludes that an evidentiary hearing is unnecessary. The Court ordered the Board and Local 36 to submit briefing by September 16. Doc. 20. Hoffmann Brothers then sought leave to file a reply by September 18, doc. 24, which the Court granted, doc. 25. Then on September 19, the Board sought leave to file a sur-reply, doc. 27, with its sur-reply attached to the motion, doc. 27-1. And now having reviewed the entire record, the Court rules on Hoffmann Brothers' motion.

## II.     Discussion

### A.     Norris-LaGuardia Act preclusion

In the Norris-LaGuardia Act, Congress mandated that "[n]o court of the United States . . . shall have jurisdiction to issue any restraining order or temporary or permanent injunction in a case involving or growing out of a labor dispute," 29 U.S.C. § 101, unless several requirements are met, *see* 29 U.S.C. § 107. To determine whether the Court has the power to issue a temporary restraining order enjoining the Board's hearing, it first must determine if this is a case "involving or growing out of a labor dispute[.]" 29 U.S.C. § 101.

The Court first considers whether the Board has a labor dispute with Hoffmann Brothers. *See* 29 U.S.C. § 101. To do so, the Court turns to the definition of a labor dispute in 29 U.S.C. § 113(c). When construing section 113(c), the Court doesn't write on a blank slate. The Supreme Court held that while not boundless, courts should broadly construe section 113(c). *See Brady v. Nat'l Football League*, 644 F.3d 661, 671 (8th Cir. 2011) (citing *Jacksonville Bulk Terminals, Inc. v. Int'l Longshoremen's Ass'n*, 457 U.S. 702, 712 (1982)). The "critical element in

3

determining whether the provisions of the Norris-LaGuardia Act apply" hinges on whether "the employer-employee relationship is the matrix of the controversy." *Jacksonville Bulk Terminals, Inc. v. Int'l Longshoremen's Ass'n*, 457 U.S. 702, 712 (1982) (citing *Columbia River Packers Ass'n., Inc. v. Hinton*, 315 U.S. 143, 147 (1942)).

Here, the Board has a labor dispute with Hoffmann Brothers, because this case involves a "controversy concerning terms or conditions of employment, or concerning the association or representation of persons in negotiating, fixing, maintaining, changing, or seeking to arrange terms or conditions of employment[.]" 29 U.S.C. § 113(c) (defining "labor dispute"). Local 36 alleged that Hoffmann Brothers' employee-non-compete agreement violates 29 U.S.C. § 158(a)(1). Doc 1 at ¶¶ 37, 41. And the Board's administrative complaint alleges that the agreement interferes, restrains, and coerces employees in employees' exercise of their right to collective bargaining, *see* 29 U.S.C. § 157, an unfair labor practice under 29 U.S.C. § 158(a)(1). Doc 1 at ¶¶ 37, 41. That fits section 113's definition of a labor dispute. 29 U.S.C. § 113(c) ("any controversy concerning . . . the association or representation of persons in negotiating, fixing, maintaining, changing, or seeking to arrange terms or conditions of employment[.]").

Next the Court considers whether this case involves or grows out of the labor dispute between the Board and Hoffmann Brothers. *See* 29 U.SC. § 113(a). Under section 113(a), a case "involve[s] or . . . grow[s] out of a labor dispute . . . when the case involves any conflicting or competing interests in a 'labor dispute' (as defined in [section 113(c)]) of 'persons participating or interested' therein (as defined in [section 113(b)])." 29 U.SC. § 113(a).

And a person is "participating or interested in a labor dispute if relief is sought against  . . . it, and if . . . it is engaged in the same industry, trade, craft, or occupation in which such dispute occurs, or has a direct or indirect interest therein, or is a member, officer, or agent

4

of any association composed in whole or in part of employers or employees engaged in such industry, trade, craft, or occupation." 29 U.S.C. § 113(b). Here, Hoffmann Brothers is a "person" participating in a labor dispute. *See id.* The Board seeks relief against Hoffmann Brothers, *see* 29 U.S.C. § 113(b), and Hoffmann Brothers has a direct interest in the labor dispute between it and the Board, *see* 29 U.S.C. § 113(a). Therefore, this case involves or grows out the labor dispute between the Board and Hoffmann Brothers.

To make its case, Hoffmann Brothers relies in part on *Space Expl. Techs. Corp. v. Nat'l Lab. Rels. Bd.*, No. 24-50627, 2025 WL 2396748 (5th Cir. Aug. 19, 2025), which held that the removal protections of the Board members and ALJs were unconstitutional. *Id.* at *9–12. And that the Norris-LaGuardia Act did not preclude the district court from issuing preliminary injunctive relief, because the dispute between the Board and the employer did not involve or grow out of a labor dispute *Id.* at *5. The Fifth Circuit first reasoned that the suits challenging the constitutionality of Board proceedings are not between employers and employees; such suits are between employers and the Board. *Id.* And the Board is also not "engaged in the same industry, trade, craft, or occupation" as the employer. *Id.* Rather, the employer sues a federal agency in a suit unrelated to the underlying dispute. *Id.* Lastly, the removal protections of Board ALJs do not concern "any controversy concerning terms or conditions of employment, or concerning the association or representation of persons in negotiating, fixing, maintaining, changing, or seeking to arrange terms or conditions of employment." *Id.* at *5 (citing 29 U.S.C. § 113(c)). Instead, the removal protections concern "Article II and the separation of powers." *Id*. In sum, this "kind of structural claim does not grow out of a labor dispute." *Id.* (cleaned up).

The Court respectfully disagrees with that analysis as inconsistent with the plain text of section 113. First, the text does not require that Local 36 currently be a party to the labor dispute

5

between Hoffmann Brothers and the Board.  *See* 29 U.S.C. § 113(c) (stating that a "labor dispute includes any controversy . . . regardless of whether or not the disputants stand in the proximate relation of employer and employee.").  *See VHS Acquisition Subsidiary No. 7 v. Nat'l Lab. Rels. Bd.*, No. 1:24-cv-02577-TNM, 2024 WL 4817175 at *5 (D.D.C. Nov. 17, 2024); *see also Amazon.com Services LLC v. Nat'l Lab. Rels. Bd.*, No. 2:24-cv-09564-SPG, 2025 WL 466262 (C.D. Cal. 2025)  Moreover, Local 36 is the charging party in the underlying unfair-labor-practice charge and will participate in the Board's hearing.  *See* doc. 10.

Second, the text does not require that Hoffmann Brothers' constitutional claim be part-and-parcel of the underlying labor dispute between it and the Board.  *See* 29 U.S.C. § 113(a) (stating that a case "involve[s] or . . . grow[s] out of a labor dispute when the case involves persons who . . . have direct or indirect interests therein . . . or when the case involves any conflicting or competing interests in a 'labor dispute.'"); *see also VHS Acquisition Subsidiary No. 7*, 2024 WL 4817175, at *5.  Hoffmann Brothers' constitutional claim only exists because Local 36 alleged that Hoffmann Brothers' employee-non-compete agreement violates 29 U.S.C. § 158(a)(1), and because the Board brought an administrative complaint against Hoffmann Brothers.  *But for* the labor dispute between the Board and Hoffmann Brothers, the dispute raised in this case does not exist; in short, no labor dispute, no lawsuit.  And so, this Court finds that Hoffmann Brothers' claim involves or grows out of its labor dispute with the Board.

### B.  Compliance with the Norris-LaGuardia Act

If Hoffmann Brothers' claim involves or grows out of a labor dispute, the next question becomes: did Hoffmann Brothers satisfy the several requirements for an injunction under the Act?  *See* 29 U.S.C. § 107.  The short answer is no.

6

To note a few examples, Hoffmann Brothers has not attempted to show that "unlawful acts have been threatened [against it] and will be committed unless restrained." 29 U.S.C. § 107(a).  Nor has it made any showing that any "public officers charged with the duty to protect [its] property are unable or willing to furnish adequate protection." 29 U.S.C. § 107(e).  And Hoffmann Brothers also hasn't shown that a "substantial and irreparable injury to [Hoffmann Brothers'] property will follow," absent an injunction, for the simple reason that it hasn't identified any "property" that would be damaged and instead only identifies economic harm.  29 U.S.C. § 107(b); doc. 3-1 at 13 ("[T]he real-world economic burdens of participating in the Hearing would also result in irreparable harm.").

Hoffmann Brothers further fails to explain, much less establish, that the economic harm it alleges constitutes injury to "property" within the meaning of the statute.  *See id*.  Hoffmann Brothers therefore has not established that the Court's issuance of injunctive relief would be in "strict conformity" with the Act.  29 U.S.C. § 101.  *See Grace Co. v. Williams*, 96 F.2d 478, 481 (8th Cir. 1938) (affirming the district court's holding that the plaintiff did not state sufficient facts to entitle it to injunctive relief under section 107).  For these reasons, the Court denies Hoffmann Brothers' motion for a temporary restraining order, doc. 3.

## C.  Generally applicable injunction law

But let's assume—like Hoffmann Brothers does—that this suit somehow doesn't involve or grow out of a labor dispute.  And further that Hoffmann Brothers can thus seek a temporary restraining order outside of the Norris-LaGuardia Act's strictures.  Still, even in that alternative universe, Hoffmann Brothers fails to meet its burden under generally applicable injunction law.

7

### 1. Temporary restraining order

A temporary restraining order is "an extraordinary and drastic remedy." *King v. Blake*, No. 4:08-cv-1050-RWS, 2009 WL 73678 at *2 (E.D. Mo. Jan. 9, 2009). The standard for a temporary restraining order is the same as for a preliminary injunction. *Tumey v. Mycroft AI, Inc.*, 27 F.4th 657, 665 (8th Cir. 2022). In *Dataphase*, the Eighth Circuit "held that the relevant factors to consider when assessing the propriety of preliminary injunctive relief include: (1) the likelihood of success on the merits; (2) the presence or risk of irreparable harm; (3) the balancing of the harms of granting or denying an injunction; and (4) the public's interest." *CDI Energy Servs., Inc. v. W. River Pumps, Inc.*, 567 F.3d 398, 401–02 (8th Cir. 2009) (citing *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc)). Hoffmann Brothers bear the burden of showing the necessity for such remedy. *See Gen. Motors Corp. v. Harry Brown's, LLC*, 563 F.3d 312, 316 (8th Cir. 2009). But as explained below, Hoffmann Brothers fails to meet its burden for a temporary restraining order.

#### a. Hoffmann Brothers fails to show any irreparable harm from being summoned before an ALJ

To demonstrate irreparable harm, Hoffmann Brothers has to show that absent the Court's issuing a temporary restraining order, it has no adequate remedy at law, because Hoffmann Brothers' "injuries cannot be fully compensated through an award of damages." *Id.* at 319. Typically, this requires Hoffmann Brothers to show that the "harm . . . is certain and great and of such imminence that there is a clear and present need for equitable relief." *H&R Block, Inc. v. Block, Inc.*, 58 F.4th 939, 951 (8th Cir. 2023). A "movant must show more than the mere possibility that irreparable harm will occur." *Ng v. Bd. of Regents of Univ. of Minnesota*, 64 F.4th 992, 997 (8th Cir. 2023). Hoffmann Brothers fails to meet this burden.

8

Hoffmann Brothers alleges two irreparable harms: (1) being summoned before an unconstitutionally insulated ALJ, doc. 3-1 at 12, and (2) the economic burdens of appearing before the Board's hearing.  *Id.* at 13.  Neither constitutes irreparable harm.

> **i. Hoffmann Brothers fails to show any causal irreparable harm from being summoned before an unconstitutionally insulated ALJ**

Consider Hoffmann Brothers' first alleged harm.  It claims that being summoned before an unconstitutionally insulated ALJ constitutes irreparable harm.  *See* doc. 3-1 at 13.  To make its case, Hoffmann Brothers again points to the Fifth Circuit's decision in *Space Expl. Techs. Corp.*, 2025 WL 2396748 .

In that case, the Fifth Circuit relied on language from *Axon Enter., Inc. v. Fed. Trade Comm'n*, 598 U.S. 175, 191 (2023) to hold that being summoned before an unconstitutionally insulated ALJ is a "here-and-now injury" that's "impossible to remedy once the proceeding is over," thus constituting irreparable harm.  *See Space Expl. Techs. Corp.*, 2025 WL 2396748 at *13.  And judicial review can't cure the injury, because once the proceeding has happened the harm "cannot be undone."  *See id.* at *6 (citing *Axon*, 598 U.S. at 192).

But as the Tenth Circuit noted, *Axon* dealt with a different question.  *See Leachco, Inc. v. Consumer Prod. Safety Comm'n*, 103 F.4th 748, 758 (10th Cir. 2024).  *Axon* held only that despite Congress' vesting judicial review of certain agency decisions in the Courts of Appeals, district courts retain jurisdiction to hear constitutional challenges to the structure of agency proceedings.  *Id.*  The *Axon* Court answered a "strictly jurisdiction[a]l question" that being summoned before an unconstitutionally insulated ALJ constitutes a "here-and-now injury," *see Id.* at 758.  The Court finds persuasive the *Leachco* court's conclusion that *Axon* does not stand for the proposition that collateral constitutional challenges to administrative proceedings "creates

9

an entitlement on the merits to a preliminary injunction [or a TRO] in every case where such constitutional challenges are raised." *Id*. at 759.

Thus *Axon* never held that every here-and-now injury "is great and of such imminence that there is a clear and present need for equitable relief." *H&R Block*, 58 F.4th at 951.  The Court will assume for the sake of argument a here-and-now injury; but not an irreparable injury, and not the kind of certain and great irreparable injury that the Eighth Circuit requires Hoffmann Brothers to show before the Court can issue a temporary restraining order.  *See id.*

Though the Eighth Circuit has not directly addressed whether these types of structural constitutional injuries create irreparable harm, this Court infers from precedent that it does not.  The Eighth Circuit has noted that "in most instances, constitutional violations constitute irreparable harm," *Morehouse Enters., LLC v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 78 F.4th 1011, 1017 (8th Cir. 2023), but in so stating, the Eighth Circuit only cites cases involving the First Amendment.  *See Powell v. Ryan*, 855 F.3d 899 (8th Cir. 2017); *see also Sessler v. City of Davenport, Iowa*, 990 F.3d 1150 (8th Cir. 2021).  And Hoffmann Brothers also points to similar language in *Elrod v. Burns,* 427 U.S. 347, 373 (1976), that "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Id.*; *see* doc. 26 at 6.

And that makes sense, because as Wright & Miller notes, courts are more likely to presume that an alleged deprivation of an individual right constitutes irreparable harm. *See* 11A *Wright & Miller's Federal Practice & Procedure* § 2948.1 (3d. ed. 2025) (noting that "[t]his principle has not (for the most part) and ought not be extended beyond the First Amendment context.").  A bell once rung cannot be unrung, or conversely, a bell silenced at a moment in time cannot later be rung at that moment already passed.

10

But not so for structural constitutional challenges.  As Justice Thomas explained "[t]he mere existence of an unconstitutional removal provision . . . generally does not automatically taint Government action by an official unlawfully insulated." *Collins v. Yellen*, 594 U.S. 220, 267 (2021) (Thomas, J., concurring).  Why?  Because the Constitution "automatically trumps an inconsistent statute." *Id.*

If this Court ultimately declares the removal provisions at issue unconstitutional, the Board's hearing still remains constitutional.  *See id.*  The Constitution always trumps an unconstitutional statue. *See id.*; *see also* U.S. Const. art.VI.  And so, the President has always possessed the unfettered ability to fire the ALJ, even if this Court declares so at a later time.  But if this Court later declares that removal provisions are constitutional, the ALJ remains constitutionally accountable to the President.  *See id.*  Either way, the Board's hearing fails to harm Hoffmann Brothers.

And though *Collins* discussed two situations where causal harm may exist from an unconstitutional removal restriction, neither situation applies here.  *See Bhatti v. Fed. Hous. Fin. Agency*, 97 F.4th 556, 559 (8th Cir. 2024) (citing *Collins*, 594 U.S. at 259–260).  First, the President and the Board both seemingly operate under the view that these removal restrictions are unenforceable.  *See Trump v. Wilcox*, 145 S.Ct. 1415 (2025) (stating that the President removed a Board member and a MPSB member without giving any qualifying cause); *see also* doc. 22 at 7 (the Board "does not . . . defend the constitutionality of these restrictions").  Second, Hoffmann Brothers has not alleged or provided any evidence that but for the removal restriction the President would fire any relevant Board employee or the ALJ.

Thus, Hoffmann Brothers cannot show that the challenged removal provisions ever "actually impacted, or will impact, the actions taken by" the Board.  *Leachco*, 103 F.4th at 757;

11

*see also YAPP USA Auto. Sys., Inc. v. Nat'l Lab. Rels. Bd.*, 2024 WL 4489598 at *2 (6th Cir. 2024) (holding that a challenger needs to show "that the removal restriction specifically impacted the agency actions of which they complain[.]").  And without such a showing, Hoffmann Brothers cannot show any harm that is "certain and great and of such imminence that there is a clear and present need for equitable relief."  *H&R Block*, 58 F.4th at 95.  Hoffmann Brothers at best alleges a speculative injury.

> ii.  **Hoffmann Brothers fails to show that the economic burdens of appearing before the ALJ constitute irreparable harm**

Now consider Hoffmann Brothers' second harm.  Hoffmann Brothers alleges that the economic burdens of appearing before the ALJ constitute irreparable harm.  Doc. 3-1 at 12.  But the expense of defending oneself from agency action does not constitute irreparable harm.  *Entergy, Arkansas, Inc. v. Nebraska*, 210 F.3d 887, 899 (8th Cir. 2000).  Neither does having to pay litigation expenses.  *West v. Bergland*, 611 F.2d 710, 718 (8th Cir. 1979) (citing *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974) (explaining that "[m]ere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury.")).

> b. **The balance of the equities and the public interest favor allowing the Board's hearing to proceed**

Both the balance of the equities and the public interest disfavor enjoining the Board's hearing.  If Hoffmann Brothers is violating the NLRA by improperly prohibiting its employees from exploring their right to organize as a union, then the employees suffer harm by delaying the Board's hearing.  And the public also suffers harm when people are prevented from exercising their lawful rights.

### c. Hoffmann Brothers seeks overbroad preliminary relief

Further, a fundamental problem exists with Hoffmann Brothers' prayer for temporary and preliminary injunctive relief. Hoffmann Brothers seeks a temporary restraining order to prevent it from being summoned before an unconstitutionally insulated ALJ, *i.e.*, to stop the Board's proceeding. *See* doc. 1 at 14. But then it seeks a permanent injunction to enjoin the Board from implementing or carrying out the allegedly unconstitutional removal provision. *See id.*

But preliminary injunctive relief must be "of the same character" as the final injunctive relief that's sought. *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). That's because courts grant preliminary injunctive relief "to preserve the status and prevent irreparable harm" until the Court can address the merits. *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994).

Here a mismatch exists between the status quo that Hoffmann Brothers seeks to preserve and the ultimate injunctive relief it seeks. It first asks this Court to restrain the hearing but later, after trial on the merits, to enjoin the Board from implementing the ALJ-removal provisions. But the Board already disclaims the enforceability of the provisions. *See* doc. 22 at 7 (the Board "does not . . . defend the constitutionality of these restrictions"). So from the get-go, Hoffmann Brothers seeks much narrower ultimate relief than the immediate, drastic relief it seeks. This lays bare Hoffmann Brothers' primary motive: to prevent the hearing from going forward. Further to the point, Hoffmann Brothers fails to suggest, much less establish, any threatened harm from the removal provisions. If the Court temporarily restrained enforcement of the removal protections, the hearing could (and would) still proceed. For these reasons as well, the Court denies Hoffmann Brothers' motion.

### d. Hoffmann Brothers' delay in seeking injunctive relief belies its claim of irreparable harm

Finally, even if Hoffmann Brothers alleges irreparable harm, Hoffmann Brothers' delay in bringing this action undercuts its claim. *See Hubbard Feeds, Inc. v. Animal Feed Supplement, Inc.*, 182 F.3d 598, 603 (8th Cir. 1999) (affirming the district court's conclusion that delay "belies any claim of irreparable harm"). Hoffmann Brothers asserts various explanations for its delay. During the September 12 conference call, Hoffmann Brothers explained that until late August it hoped to get a stipulated record for the Board's hearing, a point that has no bearing on irreparable harm. Then on August 19, the Fifth Circuit Court of Appeals released a decision that offered a legal theory for seeking a temporary restraining order. So Hoffmann Brothers changed course and sought to enjoin the hearing. But in its reply brief, Hoffmann Brothers also asserts that the "continual exploration of settlement" took place until September 5, 2025. Doc. 26 at 9. It was only after that point that Hoffmann Brothers sought relief in this Court. *Id.* Both theories are unavailing.

First, Hoffmann Brothers provides no substantiation of its assertion of settlement discussions, more specifically of the nature, timing, and scope of those discussions. To the contrary, the Board's sur-reply, which the Court grants leave to file, demonstrates that in fact, no such settlement negotiations took place. *See generally* doc. 27. Based on the evidence, the Court finds Hoffmann Brothers' assertion of "continual exploration of settlement" disingenuous and baseless. Doc. 26 at 9.

Second, Hoffmann Brothers has been on notice about the hearing for three months, yet it only filed this motion thirteen days before the hearing. While Hoffmann Brothers claims that it only considered bringing this suit after the Fifth Circuit's decision on August 19, 2025, it still waited 22 days to file. Hoffmann Brothers does state that it "proceeded cautiously and avoided

14

burdening the Court" until the Fifth Circuit's decision came down, *see* doc. 26 at 9–10, but federal courts always stand ready "to secure a steady, upright, and impartial administration of the laws," *see* The Federalist No. 78 (Hamilton).

And even if Hoffmann Brothers filed suit on August 20, 2025, it still could have filed much earlier—these types of structural challenges to agency proceedings have been percolating through the courts over the past year.  See e.g., *Space Expl. Techs. Corp. v. Nat'l Lab. Rels. Bd.*, 741 F. Supp. 3d 630 (W.D. Tex. 2024); *VHS Acquisition Subsidiary No. 7*, 2024 WL 4817175; *YAPP USA Auto. Sys., Inc. v. Nat'l Lab. Rels. Bd.*, 748 F. Supp. 3d 497 (E.D. Mich. 2024); *Company v. Nat'l Lab. Rels. Bd.*, No. 6:24-cv-03277-BCW, 2024 WL 5004534 (W.D. Mo. Nov. 27, 2024*); H&R Block Inc. v. Himes, No. 24-00198-cv-w-BP*, 2024 WL 3742310 (W.D. Mo. Aug. 1, 2024); *Express Scripts, Inc. v. Fed. Trade Comm'n*, No. 4:24-cv-01549-MTS, 2025 WL 521812 (E.D. Mo. Feb. 18, 2025).  Hoffmann Brothers' delay in bringing this motion further cuts against its claim of irreparable harm.

### D. Local 36's Motion to Intervene

Local 36, as the charging party, filed a motion to intervene. *See* doc. 10. Defendants consent, *see* doc. 10 at 2, and Hoffmann Brothers "has no objection to Local 36's intervention in this matter," *see* doc. 21. The Court finds that Local 36 satisfies the requirements of Federal Rule of Civil Procedure 24(a) and (b) and grants the motion.

## III. Conclusion

Accordingly, the Court denies Hoffmann Brothers' [3] motion for a temporary restraining order. The Court grants the Board's [27] motion for leave to file a sur-reply. And the Court grants Local 36's [10] motion to intervene.

So ordered this 22nd day of September 2025.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE